**Patricia CARMONA, Luis Alberto Jacome, and their minor children Maria Jacome, A95–365–138, Natalia Jacome A95–365–139, Petitioners,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–41190AG(L).**

United States Court of Appeals, Second Circuit.

Feb. 6, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

Michael Boyle, Justin Conlon, North Haven, Connecticut, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, Barbara M. Bowens, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Patricia Carmona, Luis Jacome, and their children petition for review of the BIA decision affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case. Where, as here, the BIA issues a so-called "affirmance without opinion," this Court reviews only the IJ's decision. *See Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

The IJ determination that Jacome testified credibly but failed to establish that he had been persecuted on one of the protected grounds, or that he had a well-founded fear of future persecution on account of one of the protected grounds is substantially supported by the record as a whole. There is no evidence that Jacome's stated social group, former government employees working against corruption, crime, and guerilla movements in Colombia, shared "a common, immutable characteristic," *Matter of Acosta*, 19 I & N Dec. 211, 233 (BIA 1985), or were "closely affiliated with each other," and "actuated by some common impulse or interest." *Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991), *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 n. 4 (2d Cir.2004). Additionally, because Jacome effectively admitted that guerillas were targeting him for his money rather than his political opinions or his former association with the government of Colombia, the IJ's determination that he did not show that he feared future persecution on account of his political opinion is supported by substantial evidence in the record.

Jacome did not challenge the IJ's CAT determination on appeal to the BIA, nor does he brief it before this Court. We therefore deem that claim to be abandoned. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.